CHERYL L. COOPER, ESQUIRE
OANDASAN & COOPER PC
28 East Avenue
PO Box 326
Woodstown, NJ  08098
(856)624-4074

| | |
|---|---|
| ANTHONY A. SIRNA<br>            Plaintiff<br><br>      v.<br><br>EMERGENCY PRODUCTS, INC., ROBERT MORTKA, SEAGRAVE FIRE APPARATUS, LLC,  ABC ENTITIES 1-5, fictitious names, ABC ENTITIES 6-10, fictitious names j/s/a | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CAMDEN<br>CIVIL ACTION<br><br>DOCKET NO.<br><br><br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Anthony A. Sirna, by way of Complaint hereby says:

## JURISDICTION AND VENUE

1.      Jurisdiction is appropriate in this federal court based upon Diversity of Citizenship, pursuant to 28 U.S.C. § 1332(a)(2).  There is complete diversity of citizenship between all parties and the amount in controversy is over $75,000.

2.      Venue is proper in the Camden District because the Plaintiff was a salesman for Defendants Emergency Products, Inc. (hereinafter "EPI") and/or Robert Mortka, own and/or operated out of a location in Thorofare, New Jersey.  Defendant Seagrave Fire Apparatus, LLC is the Franchisor and/or principal supplying the merchandise to Mortka and/or EPI and or MEP.  Seagrave has a facility in New Brunswick, New Jersey.  All Defendants have significant contact with the Southern New Jersey area.

3.      At all relevant times alleged herein, Plaintiff was a citizen and resident of the Commonwealth of Pennsylvania.

4. Upon information and belief, at all relevant times alleged herein, Defendant Mortka was a citizen of the State of New Jersey.

5. Upon information and belief, at all relevant times alleged herein, Defendant EPI, was a New Jersey Corporation with its principal place of business in the State of New Jersey.

6. Upon information and belief, at all relevant times alleged herein, Defendant Seagrave Fire Apparatus, LLC, was a Limited Liability Company with its home jurisdiction in the State of Delaware. Upon information and belief, its members are all citizens of the State of Wisconsin.

## PARTIES

7. Plaintiff, Anthony Sirna at all relevant times alleged herein, was/is a citizen and resident of the Commonwealth of Pennsylvania and was a salesman of Seagrave Fire Apparatus Fire Equipment.

8. Defendant EPI was at all relevant times alleged herein, a distributor and or franchisee of Seagrave Fire Apparatus, LLC (hereinafter "Seagrave"). EPI was, upon information and belief, a New Jersey corporation authorized to do business in the State of New Jersey.

9. Robert Mortka was at all relevant times alleged herein, the owner, and/or principal shareholder, and/or officer of Defendants EPI.

11. Defendant Seagrave was, upon information and belief, at all relevant times alleged herein, a Delaware limited liability company authorized to do business in the State of New Jersey. Upon information and belief, the members of Seagrave are all citizens of the State of Wisconsin. Seagrave's principal place of business is in Clintonville, Wisconsin. Seagrave is/was the Franchisor and/or Master over the distributor(s) EPI and/or Mortka and/or Plaintiff.

12. Upon information and belief, Seagrave is a foreign business entity with sufficient contacts with the State of New Jersey.

13. ABC Entities 1-5, fictitious names are entities that were the franchisor, master, and/or owner of Seagrave Fire Apparatus and an entity responsible for the payment of Plaintiff's commissions.

14. ABC Entities 6-10, fictitious names are entities that were the franchisee, dealer, and/or contractor, of Seagrave Fire Apparatus products and an entity responsible for the payment of Plaintiff's commissions.

## FACTS

15. Plaintiff, Anthony Sirna was a salesman of Seagrave Fire Apparatus products for approximately 5 years.

16. As a prerequisite of selling Seagrave products, Plaintiff was required to register with the Commonwealth of Pennsylvania and obtain a certificate which must be renewed annually. The certificate indicates that Plaintiff is the authorized salesman for Seagrave Fire Apparatus, LLC.

17. Plaintiff has sold numerous fire trucks and fire equipment for Seagrave over the years that he has been a representative.

18. Plaintiff has been required to attend to represent and sell Seagrave products at conventions and/or trade shows.

19. Plaintiff was assigned a specific territory by Defendants Seagrave and/or Mortka, and/or EPI.

20. Defendant Seagrave prohibited Plaintiff and Defendants Mortka, and/or EPI from selling competing products.

21. Defendant Seagrave approved the final pricing for each and every order that Plaintiff obtained for Seagrave.

22. Seagrave offered bonuses to the salesmen who were able to get their customers to prepay for their respective orders.

23. Seagrave determined the amount of the prepayment bonuses the salesmen were to receive.

24. At all relevant times alleged herein, Plaintiff was to receive a 50% commission on all Seagrave products he sold.

25. Despite having sold numerous pieces of Seagrave fire equipment, Plaintiff has not been paid his commission for certain units that have been delivered to the end user.

26. Upon information and belief, Defendants EPI and/or Mortka were a franchise of and/or can be construed as a franchise of Seagrave under N.J.S.A. 56:10-1, et. seq.

27. Upon information and belief, Defendant Seagrave controlled the pricing of the products, the territory Defendants Mortka and/or EPI and/or Plaintiff could market, the advertising of the products, and other aspects of the relationship between Defendants Mortka and/or EPI.

28. Defendant Seagrave was put on notice that Plaintiff was not receiving his commissions and/or bonuses from Defendants Mortka and/or EPI as agreed and required under New Jersey State law.

29. Upon information and belief, after receiving notice that Plaintiff was not receiving commissions and bonuses from Defendants Mortka and/or EPI as agreed and required under New Jersey State law, Defendant Seagrave held Plaintiff's commissions and bonuses for certain vehicles that were paid for and have were delivered to the end users.

30. Upon information and belief, after receiving notice that Plaintiff was not receiving commissions and bonuses from Defendants Mortka and/or EPI as agreed and required under New Jersey state law, Defendant Seagrave gave certain credits to Defendants EPI and/or Mortka without compensating Plaintiff.

## COUNT ONE
### Plaintiff v. All Defendants

31. Plaintiff repeats and realleges the contents of all preceding paragraphs as if set forth at length herein.

32. Plaintiff is a sales representative pursuant to the definitions of N.J.S.A. 2A:61A-1, et seq.

33. Plaintiff earned sales commissions through the sale of Seagrave products. Plaintiff sold the Seagrave products and those products were delivered to the customers.

34. At the request and encouragement of Seagrave, Plaintiff collected and Seagrave received prepayments for some of the units Plaintiff sold.

35. Plaintiff earned sales commissions for the sale and delivery of Seagrave products to end user clients.

36. It has been more than 30 days since the Plaintiff's commissions were earned.

37. Despite requesting and demanding payment for the sales commissions and bonuses earned, Defendants jointly, severally, or in the alternative have refused and/or failed to pay same.

38. As a direct and proximate result of the failure of the all Defendants, jointly, severally, or in the alternative to pay the Plaintiff the commissions and bonuses owed, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly, severally, and in the alternative for damages, treble damages, prejudgment interest, attorneys fees, costs of suit, and other such relief as the court deems equitable and just.

### COUNT TWO
### Plaintiff v. All Defendants

39. Plaintiff repeats and realleges the contents of all previous paragraphs as if set forth at length herein.

40. Plaintiff had an oral contract with the defendants to be paid commissions and bonuses for selling Seagrave Fire Apparatus.

41. Plaintiff has performed his obligations and sold several pieces of Seagrave fire equipment which have been paid for by the end users and delivered to the end users.

42. Defendants have refused and failed to pay Plaintiff the commissions and bonuses earned.

43. The aforementioned failure constitutes a breach of contract.

44. As a direct and proximate result of the breach of contract, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, jointly, severally, and in the alternative for damages, treble damages, prejudgment interest, attorneys fees, costs of suit, and other such relief as the court deems equitable and just.

### COUNT THREE
### Plaintiff v. Seagrave

45. Plaintiff repeats and realleges the contents of all previous paragraphs as if set forth at length herein.

46. Upon information and belief, Seagrave has an agency relationship with Mortka and/or EPI.

47. Upon information and belief, Seagrave controlled numerous aspects of the business between Defendant Mortka and/or EPI and/or Plaintiff and the end user.

48. Upon information and belief, Defendant Seagrave is the master over Defendants Mortka and/or EPI and/or Plaintiff.

49. Upon information and belief, with knowledge that Plaintiff had not been paid for the commissions and bonuses due and owing for selling Seagrave products, Seagrave entered into an agreement with Mortka and/or EPI which settled the dispute between them but made no provision for Plaintiff's commissions to be paid.

50. Defendants Mortka/EPI were the actual and/or apparent agents of Defendant Seagrave.

51. Defendants EPI/Mortka and Seagrave have breached their duty to Plaintiff with respect to his commissions and bonuses.

52. As a direct and proximate result of the aforementioned breaches, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant Seagrave for damages, treble damages, prejudgment interest, attorneys fees, costs of suit, and other such relief as the court deems equitable and just.

## COUNT FOUR
### Plaintiff v. Seagrave

53. Plaintiff repeats and realleges the contents of all preceding paragraphs as if set forth at length herein.

54. In the alternative, Plaintiff was an authorized and/or apparent agent of Defendant Seagrave.

55. Plaintiff had the authority to make representations, and did make representations to the public and end users on behalf of Defendant Seagrave.

56. Plaintiff was given and utilized letterhead from Defendant Seagrave for the purpose of communicating to the end users.

57. Plaintiff made representations which bound Seagrave.

58. Seagrave controlled the manner, means, territory, pricing, delivery, etc of the products Plaintiff sold.

59. Seagrave received full payment for all of the merchandise Plaintiff sold.

60. Seagrave has refused to pay Plaintiff the commissions and bonuses he earned for selling Seagrave merchandise.

61. As a direct and proximate result of Seagrave's breach, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant Seagrave for damages, treble damages, prejudgment interest, attorneys fees, costs of suit, and other such relief as the court deems equitable and just.

## COUNT FIVE
### Plaintiff v. Mortka

62. Plaintiff repeats and realleges the contents of all preceding paragraphs as if set forth at length herein.

63. Upon information and belief, Defendant Mortka is the President and/or primary shareholder in the business entity, EPI.

64. Upon information and belief, EPI is a small, closely held corporation, and Mortka is closely identified with that corporation.

65. Upon information and belief, MEP is a small, limited liability company, with Mortka as its principle member. Mortka is closely identified with MEP.

66. Upon information and belief, Mortka had and exercised pervasive control over the affairs of EPI.

67. Upon information and belief, Mortka comingled personal monies and monies from EPI and/or other businesses that he owned and/or controlled.

68. Upon information and belief, Mortka comingled and misued funds from EPI for his own gain.

69. Upon information and belief, Mortka's misuse and comingling of monies was done to avoid paying Plaintiff and others commissions and bonuses in violation of the law of the State of New Jersey.

70. Upon information and belief, Mortka's misuse and comingling of funds from EPI and/or other entities was for his own gain and to evade the law.

71. As a direct and proximate result of the acts/ommissions of Defendant Mortka, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff demands judgment against Mortka and/or EPI for damages, treble damages, prejudgment interest, attorneys fees, costs of suit, and other such relief as the court deems equitable and just.

## COUNT SIX
### Plaintiff v. All Defendants

72. Plaintiff repeats and realleges the contents of all preceding paragraphs as if set forth at length herein.

73. Defendants are jointly and severally responsible for the damages Plaintiff has suffered and continues to suffer.

**WHEREFORE,** Plaintiff demands judgment against all Defendants for damages, treble damages, prejudgment interest, attorneys fees, costs of suit, and other such relief as the court deems equitable and just.


Dated: April 13, 2010                                  /s/ *Cheryl L. Cooper*

                                                                                CHERYL L. COOPER, ESQUIRE
                                                                                Attorney for Plaintiff


### CERTIFICATION

I hereby certify to the best of my knowledge, the matter herein in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, or at the present time is any other action or arbitration proceeding contemplated.

### JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues.


### NOTICE OF DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE**, that Cheryl L. Cooper, Esq. is hereby designated as trial counsel in this litigation.


                By:   /s/ *Cheryl L. Cooper*
                        Cheryl L. Cooper, Esq.
                        Attorney for Plaintiff